IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| **SAFECO INSURANCE COMPANY** | | **PLAINTIFF** |
| **OF AMERICA** | | |
| | | |
| V. | CASE NO. 5:21-CV-05034 | |
| | | |
| **DILLON DOOMS, HALEY RHODES,** | | |
| and **ADRIANA PINEDA** | | **DEFENDANTS** |

## OPINION AND ORDER

Currently before the Court are two ripe motions. The first of these is separate Defendant Dillon Dooms's Motion to Dismiss for Lack of Jurisdiction (Doc. 10) and Memorandum Brief in Support (Doc. 11). Plaintiff Safeco Insurance Company of America ("Safeco") filed a Response in Opposition (Doc. 14). The second ripe motion is the Motion to Dismiss for Lack of Jurisdiction (Doc. 19) and Memorandum Brief in Support (Doc. 25) filed by separate Defendants Adriana Pineda and Haley Rhodes. Safeco filed two Responses to their Motion (Docs. 23 & 28).[1] The Court heard oral argument on these motions at today's Case Management Conference and ruled from bench—promising that a more fulsome written order would follow. Accordingly, for the reasons explained below, both of the Motions (Docs. 10 & 19) are **DENIED**.

---

[1] Ms. Pineda and Ms. Rhodes's Motion to Dismiss for Lack of Jurisdiction was not accompanied by a brief in support; instead, after Safeco filed its Response (Doc. 23), Ms. Pineda and Ms. Rhodes realized their error and then filed their Memorandum Brief in Support (Doc. 25). With leave of the Court, Safeco then filed an additional short Response (Doc. 28). While this process is irregular, the Court will consider all of these filings in order to expedite consideration of the Motions.

## I.  BACKGROUND

This case arises out of allegedly criminal and tortious acts committed by Mr. Dooms.[2] Ms. Pineda and Ms. Rhodes allege that Mr. Dooms secretly took video footage of them while they were undressing at his studio.  Mr. Dooms is presently facing eighteen felony counts of video voyeurism based upon these and related allegations.  *See Arkansas v. Dillon Lawrence Dooms*, 72CR-20-1939 (Ark. Cir. Ct. Sept. 16, 2020).  Ms. Pineda and Ms. Rhodes also bring civil claims against Mr. Dooms in state court under the Arkansas Crime Victim Relief Act, Arkansas Code § 16-118-107, as well as claims for invasion of privacy, outrage, and deceit.  *See Haley Rhodes and Adriana Pineda v. Dillon Dooms and John Does #1–10*, 72CV-20-2109 (Ark. Cir. Ct. Oct. 9, 2020).  They also seek compensatory and punitive damages from Mr. Dooms, though they have not specified the exact amount of their damages.  The Court will refer to this state-court action as the "Underlying Lawsuit."  Pursuant to a homeowner's insurance policy (the "Policy") issued to Mr. Dooms and his now ex-wife, Amber Dooms, Safeco is currently providing Mr. Dooms a defense in the Underlying Lawsuit under a reservation of rights.  Safeco then filed this lawsuit seeking a declaration that it has no duty under the Policy to either defend or indemnify Mr. Dooms in the Underlying Lawsuit.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Mr. Dooms seeks to dismiss Safeco's lawsuit on the premise that Safeco has failed to allege the jurisdictional minimum for federal diversity jurisdiction.  Safeco responds that the Complaint sufficiently pleads an amount in controversy exceeding $75,000 and that its exposure in the Underlying

---

[2] The following facts are taken from Safeco's Complaint (Doc. 2) and are assumed to be true.

2

Lawsuit clearly exceeds that amount. As for Ms. Pineda and Ms. Rhodes, they bring a Motion pursuant to Rule 12(b)(6) arguing that the Court should abstain from hearing this case and dismiss (or stay it) on the theory that it is parallel to the Underlying Lawsuit. Safeco responds that this action is not parallel to the Underlying Lawsuit and, in any event, the factors governing the relevant abstention analysis do not favor abstention.

## II.  DISCUSSION

Below, the Court first addresses Mr. Dooms's contention that Safeco failed to plead the jurisdictional minimum. After that, the Court turns to Ms. Pineda and Ms. Rhodes's argument that the Court should abstain from hearing this case until the Underlying Lawsuit is resolved.

### A.  Amount in Controversy

To invoke federal diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). If a court can "legally conclude, from the pleadings and proof adduced . . . before trial, that the damages the plaintiff suffered are greater than $75,000," the court has subject matter jurisdiction. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). But the complaint must be dismissed if it appears to a "legal certainty that the value of the claim is actually less than the required amount." *In re Minn. Mut. Life Ins. Co. Sales Pracs. Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). "'If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence.'" *Kopp*, 280 F.3d at 884–85 (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 188–89 (1936)). Since Mr. Dooms's Motion is brought under Rule 12(b)(6),

the Court restricts its jurisdictional analysis to the pleadings before the Court.  *See Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016).[3]

In an action seeking declaratory relief, "the amount in controversy is measured by the value of the object of the litigation." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (quoting *Hunt v. Wash. State Apple Advert., Comm'n*, 432 U.S. 333, 347 (1977)).  When a party is seeking a determination as to whether a claim is covered by an insurance policy, the court must look to the value of the underlying claim.  *See State Farm Mut. Auto. Ins. Co. v. Ripley*, 2017 WL 6273085, at *2 (W.D. Mo. Dec. 8, 2017); *Lowe v. First Fin. Ins. Co.*, 2015 WL 753139, at *4–5 (W.D. Mo. Feb. 23, 2015) (noting the applicable insurance policy's limit was $50,000, and the amount in controversy requirement was not met).  "[T]he amount in controversy in the declaratory judgment action ordinarily equals the probable costs of defense and indemnification of the underlying litigation less any applicable deductible." *Scottsdale Ins. Co. v. Univ. Crop Prot. All., LLC*, 620 F.3d 926, 932 (8th Cir. 2010).

Based upon the allegations in the Complaint and the incorporated exhibits, the Court finds that Safeco has sufficiently pleaded the required amount in controversy.  In the Underlying Lawsuit, Ms. Pineda and Ms. Rhodes seek compensatory and punitive damages from Mr. Dooms, and they also demand their costs and attorneys' fees under Arkansas Code § 16-118-107(a)(3).  While Ms. Pineda and Ms. Rhodes did not put a

---

[3] Technically, Mr. Dooms's Motion should have been brought under Rule 12(b)(1), not Rule 12(b)(6).  This error is minor, however, as the 12(b)(6) standard nonetheless applies. *See Carlsen*, 833 F.3d at 908 ("In a facial attack [on subject-matter jurisdiction], the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." (internal quotation and citation omitted)).

4

specific dollar amount on their damages, the factual bases of their claims are shocking, and the Court can easily imagine that Mr. Dooms faces six-figure exposure in the event of an adverse judgment. Of course, as Mr. Dooms's ostensible insurer, Safeco shares in that exposure. Moreover, Safeco is paying for Mr. Dooms's defense to those claims, albeit under a reservation of rights. That defense could easily cost tens of thousands of dollars. While the Policy does have a deductible, it is only $1,000, which does not appreciably affect this analysis. Based upon the pleadings, the Court finds that Safeco's exposure to the Underlying Lawsuit may exceed the jurisdictional minimum.

In sum, because the Court cannot say to a legal certainty that the amount in controversy is less than the jurisdictional amount, the Court declines to dismiss this action for lack of subject matter jurisdiction.

### B. The Court's Discretion to Exercise Jurisdiction

Safeco seeks a declaratory judgment, a remedy made available to the federal courts by the Declaratory Judgment Act ("DJA"). Though it appears the Court has subject-matter jurisdiction and could entertain this declaratory judgment action, Ms. Pineda and Ms. Rhodes are correct that the Court retains discretion to abstain if it chooses to do so. District courts have "unique and substantial discretion" when deciding whether to hear cases brought pursuant to the DJA, "even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see also Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008).

To determine whether to abstain from hearing a declaratory action, courts should first determine whether there is a parallel state proceeding. The determination of whether a suit for declaratory judgment in a federal court is parallel to a state-court action is a

"threshold determination for identifying the extent of a district court's discretion to grant a stay." *Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 968 (8th Cir. 2013). If the suits are parallel, "a district court enjoys broad discretion" to abstain under the *Brillhart/Wilton* doctrine. *Id.* at 967 (citing *Wilton*, 515 U.S. at 997). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Scottsdale Ins. Co. v. Detco Indus.*, 426 F.3d 994, 997 (8th Cir. 2005) (internal quotations omitted). Also, the issues at hand must not be governed by federal law. *Royal Indem. Co.*, 511 F.3d at 793 (citing *Brillhart*, 316 U.S. at 495).

The Court concludes that this action and the Underlying Lawsuit are not parallel. The Eighth Circuit has previously held that state court actions regarding liability are not necessarily parallel to insurance coverage declaratory actions. *Scottsdale*, 426 F.3d at 997 (concluding that state court action involving issues involving liability of alleged tortfeasor was not parallel to federal declaratory action between tortfeasor and insurer to determine insurance coverage). Starting with the most obvious point, the cases do not involve the same parties: Safeco is a party to this lawsuit but not to the Underlying Lawsuit. More importantly, the Underlying Lawsuit will resolve the question of Mr. Dooms's liability to Ms. Pineda and Ms. Rhodes, while this declaratory action will determine whether Safeco has an obligation to indemnify and defend Mr. Dooms from Ms. Pineda and Ms. Rhodes's claims. These issues, while related, are not "substantially the same issues." *Scottsdale*, 426 F.3d at 997. The state-court complaint does not ask the state court to interpret the Policy or otherwise determine insurance coverage issues. While Mr. Dooms's actions are relevant to this instant lawsuit—his alleged actions may

6

trigger certain exclusions in the Policy—this declaratory suit does not require this Court to determine Mr. Dooms's liability to Ms. Pineda and Ms. Rhodes.

Since there are no parallel state court proceedings, the Court must consider the following six factors to determine if abstention would be appropriate:

   (1) whether the declaratory judgment sought "will serve a useful purpose in clarifying and settling the legal relations in issue";

   (2) whether the declaratory judgment "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the [federal] proceeding";

   (3) "the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts";

   (4) "whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending";

   (5) "whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law'"; and

   (6) "whether the declaratory judgment action is being used merely as a device for 'procedural fencing'—that is, 'to provide another forum in a race for res judicata' or 'to achiev[e] a federal hearing in a case otherwise not removable.'"

*Scottsdale*, 426 F.3d at 998 (quoting *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998) (per curiam)).

These factors weigh against abstention.  As to the first factor, the Court concludes that the declaratory judgment sought by Safeco will clarify and settle its legal relations with Mr. Dooms under the Policy.  Similarly, under the second factor, deciding the coverage issue will afford relief to Safeco and Mr. Dooms from the uncertainty at the heart of this federal declaratory judgment action.  Turning to the third factor, the Court sees nothing in the record to indicate that the state has an interest in having the coverage

issues decided in state court. Additionally, the fourth factor weighs against abstention, as the coverage issues cannot be resolved more efficiently in state court because no one has raised the coverage issues in that action. As for the fifth factor—unnecessary entanglement between the federal and state court systems—the Court concludes that entanglement is not a threat because the Underlying Lawsuit involves adjudication of Mr. Dooms's tort liability, while this action involves Safeco's contractual obligations to Mr. Dooms. Moreover, the overlapping issues of fact are insignificant, as the primary issue in this case is whether various Policy exclusions apply, and the Court can very likely resolve that issue without knowing the truth or falsity of the allegations in the Underlying Lawsuit. Finally, the sixth factor weighs against abstention because there is no evidence that any party is using this suit as a device for "procedural fencing." The Court has no indication that Mr. Dooms planned to litigate the coverage issue in state court or that Safeco had an ulterior motive for filing this case. After considering all of these factors, the Court finds that it will not abstain from exercising jurisdiction over this action.

### III. CONCLUSION

For the reasons outlined above, Defendant Dillon Dooms's Motion to Dismiss for Lack of Jurisdiction (Doc. 10) and Defendants Adriana Pineda and Haley Rhodes's Motion to Dismiss for Lack of Jurisdiction (Doc. 19) are **DENIED**.

**IT IS SO ORDERED** on this 16th day of June, 2021.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE