IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SAFECO INSURANCE COMPANY                                          PLAINTIFF
OF AMERICA

V.                        CASE NO. 5:21-CV-05034

DILLON DOOMS;
TABATHA TAYLOR;
HALEY RHODES;
and ADRIANA PINEDA                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Safeco Insurance Company of America's Motion for

Summary Judgment (Doc. 49).  The Motion is accompanied by a Brief in Support (Doc.

50) and Statement of Facts (Doc. 51).  Defendant Tabatha Taylor filed a Response in

Opposition (Doc. 54).   The remaining separate defendants—Dillon Dooms, Haley

Rhodes, and Adriana Pineda—filed responses (Docs. 56 & 61) adopting the arguments

in Taylor's Response. Mr. Dooms also filed a responsive Statement of Facts (Doc. 57).

Safeco then filed a Reply (Doc. 59) and a Supplement (Doc. 67), and Ms. Taylor filed a

Response to Safeco's Supplement (Doc. 70).  On March 14, 2022, the Court heard oral

argument on this Motion. For the reasons explained below, Safeco's Motion (Doc. 49) is

**DENIED**.

## I.  BACKGROUND

Mr. Dooms is insured under a homeowner's insurance policy ("the Policy") issued

by Safeco.  There are two pending lawsuits against Mr. Dooms in Arkansas state court

brought by Ms. Rhodes, Ms. Pineda, and Ms. Taylor (collectively, "the State-Court

Plaintiffs"). Safeco is currently defending Mr. Dooms in both underlying lawsuits under a

reservation of rights. In the instant lawsuit, Safeco seeks a declaratory judgment stating it has no duty under the Policy to defend or indemnify Mr. Dooms in the underlying lawsuits.

The following facts are undisputed. Mr. Dooms is a photographer who operated a small studio in Fayetteville, Arkansas.  The State-Court Plaintiffs are models who, between 2019 and 2020, visited Mr. Dooms in his studio on multiple occasions in order to participate in photo shoots.  In August 2020, Mr. Dooms was arrested and charged with 13 counts of video voyeurism. Mr. Dooms recorded at least 12 models—including the State-Court Plaintiffs—while they were changing outfits in his studio, which was equipped with video cameras set to continuously record. There was no signage to warn visitors they were being recorded. Mr. Dooms pleaded guilty and is currently incarcerated in the Arkansas Department of Corrections.

In October 2020, Ms. Rhodes and Ms. Pineda filed suit against Mr. Dooms ("the First Underlying Lawsuit").  Their underlying complaint (Doc. 40-1) alleges Mr. Dooms used concealed cameras to record them in various stages of nudity while they changed. The complaint further alleges Ms. Rhodes and Ms. Pineda were unaware of the cameras' presence and never gave Mr. Dooms permission to record them while they changed.  The underlying complaint alleges nine causes of action against Mr. Dooms, including civil action by a crime victim, invasion of privacy by intrusion upon seclusion, outrage, and deceit.  Ms. Rhodes and Ms. Pineda later amended their complaint to include a negligence cause of action.

In June 2021, Ms. Taylor also filed suit against Mr. Dooms ("the Second Underlying Lawsuit"). She makes similar allegations.  Specifically, Ms. Taylor's underlying complaint

(Doc. 40-2) alleges that while participating in photo shoots at Mr. Dooms' studio, he asked Ms. Taylor to change outfits and left the room to ostensibly grant her privacy.  Ms. Taylor further alleges Mr. Dooms recorded her with "spy cameras" while Taylor changed outfits. Ms. Taylor alleges she did not know about the cameras, did not grant consent to be recorded, and that Mr. Dooms never warned her about the video recording.   The complaint alleges five causes of action against Mr. Dooms, including negligence, civil action by crime victim, invasion of privacy by intrusion upon seclusion, outrage, and deceit.

Under the Policy's Personal Liability coverage, Safeco has a duty to "provide a defense at our expense . . . even if the allegations are groundless, false, or fraudulent" when "a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage caused by an occurrence."   (Doc. 40-3, p. 31). Additionally, the Policy's Personal Offense coverage provides, "If a claim of suit is brought against an insured for damages resulting from an offense defined under personal offense and to which this coverage applies, we will . . . provide a defense at our expense." *Id.* at p. 51.  The Policy's definition of "personal offense" includes, "injury arising out of . . . invasion of privacy, which occurs in any manner." *Id.* at p. 53.

The Policy also specifies certain exclusions. The Policy does not cover liability stemming from:

- "bodily injury or property damage which is expected or intended by any insured or which is the foreseeable result of an act or omission intended by any insured," ("the Expected or Intended Acts Exclusion"). *Id.* at p. 32.

-  "bodily injury or property damage"  "which results from violation of criminal law committed by, or with knowledge or consent of any insured," ("the Criminal Acts Exclusion"). *Id.*

- occurrences under the Personal Offense coverage, "arising out of a criminal act committed by . . . an insured knowing of the criminal nature" or "caused by . . . an insured with knowledge that the act would violate the rights of another and would be a personal offense." *Id.* at p. 51.

Safeco argues it has no duty to defend or indemnify Mr. Dooms as to any of the underlying civil claims because it is undisputed—based on his guilty plea and other facts in the record—that he intentionally recorded the State-Court Plaintiffs while they were undressing. Therefore, Safeco argues, there was no occurrence under the Policy, and, even if there was an occurrence, coverage is excluded under the Policy's Expected or Intended Acts Exclusion and Criminal Acts Exclusion.

Defendants concede the underlying causes of action for intentional torts and civil action by a crime victim "require some level of intent" and Safeco has no duty to defend or indemnify Mr. Dooms for those claims. (Doc. 54, p. 1, n.1). Nevertheless, Defendants maintain the underlying claims for negligence fall within the scope of the Policy because there remains a genuine dispute of material fact as to whether Mr. Dooms' conduct in not informing the State-Court Plaintiffs that they were being recorded was merely negligent, rather than intentional.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court must review the facts in the light most favorable to the opposing party and give that party the benefit of any inferences that can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1997). The moving party bears the burden of proving the absence of a genuine dispute of material fact such that it is entitled to judgment as a matter of law.

4

*See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

Whether an insurer has a duty to defend is determined by the pleadings against the insured. *Baxley v. Colonial Ins. Co.*, 31 Ark. App. 235, 244 (1990). A duty to defend exists whenever there is a possibility that the conduct may be covered by the policy. *Home Indem. Co. v. City of Marianna*, 291 Ark. 610, 619 (1987). "An insurance policy, having been drafted by the insurer without consultation with the insured, is to be interpreted and construed liberally in favor of the insured and strictly against the insurer." *Nationwide Mut. Ins. Co. v. Worthey*, 314 Ark. 185, 190–91 (1993).

### III.  DISCUSSION

The Court finds a genuine issue of material fact exists as to whether Mr. Dooms' failure to inform the State-Court Plaintiffs of the video recording was intentional. Therefore, summary judgment is inappropriate.

Below, the Court addresses Safeco's arguments that Mr. Dooms' conduct is not an "occurrence" under the Policy; that the Policy's Expected or Intended Acts Exclusion precludes coverage; that Mr. Dooms' plea of guilty satisfies the Criminal Acts Exclusion; and that policy exclusions prevent application of the Policy's Personal Offense coverage.

### A.  Occurrence

As a threshold issue, the Court finds the underlying complaints sufficiently allege an "occurrence" under the Policy.  The Policy defines an "occurrence" as "an accident . . . which results in: (1) bodily injury; or (2) property damage; during the policy period." (Doc. 40-3, p. 42). The Arkansas Supreme Court has defined an accident as "an event that takes place without one's foresight or expectation."  *Allstate Ins. Co. v. Martin*, 34 F.

Supp. 3d 955, 957 (W.D. Ark. 2014) (citing *U.S. Fid. & Guar. Co. v. Cont'l Cas. Co.*, 353 Ark. 834, 845 (2003)).

The parties dispute whether Mr. Dooms' failure to warn was accidental.  Safeco argues, "There are no allegations of Dillon Dooms committing accidental conduct found in either State-Court Complaint."  (Doc. 50, p. 14).  However, Defendants contend Mr. Dooms' failure to warn or post a notice that there were cameras recording in the studio was accidental and therefore an occurrence under the Policy. The underlying complaints likewise allege Mr. Dooms acted negligently in failing to warn or post a notice.  (Doc. 54, p. 7).  Because the pleadings against the insured determine whether there is a duty to defend, *see Baxley*, 31 Ark. App. at 244, the Court cannot find—at the summary judgment stage—that there was no occurrence under the Policy.

### B.  Expected or Intended Acts Exclusion

Safeco next argues that even if Mr. Dooms' conduct constitutes an occurrence under the Policy, the Expected or Intended Acts Exclusion precludes coverage.  Safeco relies on *CNA Insurance Co. v. McGinnis* for the proposition that "policy exception[s] exclude[] coverage for injuries which the average run of reasonable people would expect or intend to inflict by engaging in the conduct in question." 282 Ark. 90, 92 (1984).

*McGinnis* is distinguishable from the case at bar.  In *McGinnis*, it was undisputed that the insured intended to sexually assault the victim.  The question the *McGinnis* court faced was whether the insured intended the resultant harm.  The court found a reasonable person would understand the "*result* from a mature man's *deliberately* debauching his six-year-old stepdaughter and continuing to do so for years." *McGinnis*, 282 Ark. at 93 (emphasis added).  Here, the question is not whether Mr. Dooms intended the resultant

6

harm. Rather, the question is whether Mr. Dooms' actions were intentional in the first place. *See Silverball Amusement, Inc. v. Utah Home Fire Ins. Co.*, 842 F. Supp. 1151, 1154 (W.D. Ark.), *aff'd*, 33 F.3d 1476 (8th Cir. 1994) (distinguishing *McGinnis* because the underlying allegation in *Silverball* was a negligent act, despite there also being admittedly intentional conduct involved).

Two elements of Mr. Dooms' conduct are at issue. The first is whether Mr. Dooms intentionally set up the cameras to record those inside the studio, a point Mr. Dooms conceded at oral argument. The second is whether Mr. Dooms' failure to provide notice to the State-Court Plaintiffs that those cameras were present and recording was intentional. Safeco cites Mr. Dooms' guilty plea (Doc. 49-4) to argue Mr. Dooms clearly intended both these actions. But as explained below in Part III.C, Mr. Dooms' guilty plea is not dispositive of his intent. Moreover, Defendants point to Mr. Dooms' discovery responses in the underlying lawsuits in which he states the cameras were set up for surveillance purposes and he was not aware the cameras had recorded individuals as they undressed.[1] (Doc. 54-1, pp. 9–10). Mr. Dooms has not been deposed in either the instant lawsuit or the underlying lawsuits. On the record presently before it and viewing

---

[1] Safeco objects to the use of hearsay in the materials attached to Defendants' Response. The objection is overruled. First, Federal Rule of Civil Procedure 56(c)(1)(A) explicitly allows a party to use "materials in the record, including . . . documents, admissions, interrogatory answers, or other materials" to support a factual assertion at summary judgment. Second, the issue is not whether the cited materials contain hearsay. Rather, the issue whether the facts in the cited materials are capable of being presented at trial "in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Since Mr. Dooms has personal knowledge of the facts cited in his interview with police and his cited answers to interrogatories, those facts would be admissible in evidence in the *form* of his trial testimony. The Court has not relied on Mr. Dooms' responses to the state-court Requests for Admissions, and therefore Safeco's separate objection pursuant to Ark. R. Civ. P. 36(b) is moot.

the facts in the light most favorable to the Defendants, the Court cannot determine whether Mr. Dooms' failure to notify was intentional or negligent.

Alternatively, Safeco argues that even if an issue of fact remains as to Mr. Dooms' intent, coverage should be excluded because "the bulk of the underlying complaint" alleges intentional conduct by Mr. Dooms. (Doc. 59, p. 5).  "It is well settled that the allegations in a complaint, whether groundless or false, determine the obligation of the insurer to defend its insured within the coverage of the policy." *Fisher v. Travelers Indemnity Co.*, 240 Ark. 273, 274 (1966).  Nevertheless, Safeco correctly observes that courts should not rely merely on labels when assessing the underlying complaint. Rather, liability should be "determined by the quality and purpose of the transaction as a whole." *Id.* at 275.  In *Fisher,* the plaintiff in the underlying lawsuit alleged he was "willfully, unlawfully, and negligently" injured from an assault and battery.  *Id.* at 274–75. The insurer asserted no duty to defend because assault and battery claims were directly excluded from coverage in the policy at issue.  *Id.* The insured then sought indemnification from the insurer, which refused to reimburse the insured for the judgment and associated costs. *Id.*

The *Fisher* insurance policy covered accidental injuries but not those caused by intentional wrongful acts. The Arkansas Supreme Court held that the insured's claim against the insurer was properly dismissed, explaining that even though the underlying complaint alleged that the insured "negligently injure[d]" the underlying plaintiff, it was "evident that the nature of this tort action was not changed by the use of the word 'negligently' one time." *Id.* at 275–76.

8

The underlying complaints here are distinguishable from *Fisher*. *Fisher* involved an inherently intentional act—assault and battery. Here, the underlying complaints alternatively allege both negligent and intentional acts by Mr. Dooms with factually distinct theories of recovery. And, rather than making a passing reference to negligence, the underlying complaints allege facts in support of a separately pleaded cause of action for negligence, i.e., Mr. Dooms had a duty to warn invitees of the presence of security cameras, he breached that duty by failing to warn or post notice, and his breach caused the State-Court Plaintiffs to suffer injuries. (Doc. 40-2, pp. 4–5).  Therefore, the Court cannot find that no duty to defend or indemnify exists based on the "quality and purpose" of the underlying complaints.

### C.  Criminal Acts Exclusion

Safeco next argues Mr. Dooms' guilty plea establishes both that Mr. Dooms committed a criminal act and that he intended his actions. Therefore, Safeco argues, the Policy's Criminal Acts Exclusion applies.  Safeco asserts the guilty plea serves as an admission that the tortious conduct—recording State-Court Plaintiffs without first providing notice or obtaining consent—was purposeful, not accidental, *see* Doc. 59, pp. 5–6, and Defendants are precluded from arguing otherwise.  However, under controlling Arkansas law*,* Mr. Dooms' guilty plea does not establish his intent for collateral estoppel purposes.

In *Bradley Ventures v. Farm Bureau Mutual Insurance*, the Supreme Court of Arkansas held, "a guilty plea in a criminal case is not equivalent to a criminal conviction 'actually litigated.'  We hold that 'actually litigated' means actually litigated.  Because the issue of intent was not actually litigated, a genuine issue of material fact remained."  371

Ark. 229, 237 (2007); *see also* Restatement (second) of Judgments § 85 (1982).   In *Bradley Ventures*, the defendant's guilty plea to reckless burning was not dispositive of criminal intent when the plea was reached to avoid a harsher sentence from a crime of arson.   371 Ark. at 237.   In cases of contradictory testimony of intent, resolving such conflicting testimony and determining credibility of witnesses is left to the finder of fact. *Boyd v. State*, 369 Ark. 259, 263 (2007).

Mr. Dooms' plea is not dispositive of his intent.   Mr. Dooms had incentive to enter a guilty plea when he was faced with 13 counts of voyeurism that could total a sentence of 78 years of incarceration.   *See* Doc. 49-4.   Mr. Dooms agreed to a term of incarceration of five years in his plea agreement.   *Id.*   Under *Bradley Ventures*, this reduction in sentence provided alternative motivation for Mr. Dooms to plead guilty. The record does not supply sufficient facts to establish Mr. Dooms' failure to warn was intentional, and the Court cannot grant summary judgment based on the Criminal Acts Exclusion.

### D. Personal Offense Coverage

Safeco also argues it has no duty to defend or indemnify under the Policy's Personal Offense coverage.   This provision of the Policy covers claims brought against an insured for "injury arising out of . . . invasion of privacy."   (Doc. 40-3, p. 53).   The relevant exclusions to this provision include:

> To the extent coverage is provided by this endorsement, coverage does not apply to *personal offense*:
>
> a.      Caused by or at the direction of an insured with the knowledge that the act would violate the rights of another and would be *personal offense* . . .
> d.      arising out of a criminal act committed by, at the direction of, or with the cooperation of an *insured* knowing of the criminal nature . . .

*Id.* at p. 51.  As explained above, a question of material fact remains as to whether Mr. Dooms' failure to warn was intentional or negligent.  Additionally, Mr. Dooms' guilty plea is insufficient to show, as a matter of law, that coverage is precluded under the Personal Offense Coverage's criminal acts exclusion.  After considering all of these claims, the Court finds that the material question as to Mr. Dooms' intent remains in dispute and, therefore, cannot grant summary judgment for Safeco.

## IV. CONCLUSION

For these reasons, Safeco's Motion for Summary Judgment (Doc. 49) is **DENIED**.

**IT IS SO ORDERED** on this 23rd day of March, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

11